| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | | |
|---|---|---|
| Fairview Health Services, | | Court File No.: |
| | | Case Type: Contract, etc. |
| | Plaintiff, | Judge: |
| v. | | **SUMMONS** |
| Magellan Health, Inc. d/b/a Magellan Complete Care of Florida, | | |
| | Defendant. | |

THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANTS.

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to the lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons a **written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at 920 Second Avenue South, Suite 800, Minneapolis, MN 55402.

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

1

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief demanded in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: November 6, 2017

D.S. ERICKSON & ASSOCIATES, PLLC

By _____
Timothy J. Henkel (#0389403)
Keith A. Patton (#0398608)
920 Second Avenue South, Suite 800
Minneapolis, MN 55402
Phone:       (612) 333-7600
Facsimile:   (612) 333-7611
Email:       timothy.henkel@dserickson.com
             keith.patton@dserickson.com
ATTORNEYS FOR PLAINTIFF
FAIRVIEW HEALTH SERVICES

2

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Fairview Health Services,<br><br>        Plaintiff,<br><br>v.<br><br>Magellan Health, Inc. d/b/a<br>Magellan Complete Care of Florida,<br>        Defendant. | Court File No.:<br>Case Type: Contract, etc.<br>Judge:<br><br>**COMPLAINT** |

The Plaintiff, for its claim against the above-named Defendants, complains and alleges as follows:

## PARTIES

1. Plaintiff, Fairview Health Services ("Fairview"), is a non-profit corporation organized under Minnesota Statutes Chapter 317A and provides medical, surgical, hospital, sickness, and other health related services to individuals in the State of Minnesota.

2. Defendant Magellan Health, Inc. is an Arizona registered corporation with its principal place of business located at 4800 N. Scottsdale Road, STE 4400, Scottsdale, AZ 85251.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in Hennepin County District Court with regard to Defendant pursuant to Minn. Stat. § 543.19 as Defendant has conducted business in Minnesota to the extent that the "minimum contacts" standard outlined in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) is met. Defendants have committed acts in and outside of Minnesota causing injury in Minnesota. Minnesota has a substantial interest in providing a forum for the

1

adjudication of this dispute as the events and transactions giving rise to this dispute occurred in Hennepin County, Minnesota.

4. Venue is proper in Hennepin County District Court as the acts and transactions that have given rise to this action occurred in Hennepin County.

## FACTS

5. Patient S.B., a minor, was a Magellan Complete Care of Florida policy holder at all times relevant to this action; Member ID: xxxxxx5653; Group ID: x5306 (hereinafter "the Policy"). Under said policy, S.B. was, again at all times relevant to this action, a participant and beneficiary under the Magellan policy, and thus "covered" under the same.

6. Patient S.B. received mental in-patient health care goods and services from Fairview from March 16, 2017 through April 24, 2017.

7. Patient S.B. was initially admitted through the emergency department at Fairview, before being transferred to the behavioral health unit.

8. Said services were court ordered, as patient S.B. was under a court ordered Emergency Hold Order Application pursuant to Minn. Stat. § 253B.05, as she was determined to be in danger of injuring herself or others if not immediately detained.

9. Patient S.B. was set for discharge on April 4, 2017 but the Court did not approve the discharge plan. Patient S.B. therefore remained in the behavioral health unit at Fairview until April 24, 2017, when S.B. was released to a foster parent at the direction of Child Protective Services.

10. Defendant authorized care provided from March 16, 2017 through April 4, 2017 and paid Fairview in full for the care provided during that time period.

11. Defendant denied coverage from April 5, 2017 through April 24, 2017 as not medically necessary.

12. Minn. Stat. § 62Q.535 does not permit Defendant to conduct its own separate medical necessity determination on court-order mental health services.

13. There remains an outstanding balance due and owing on the claims submitted to Defendant in the amount of one hundred sixty-five thousand eight hundred seven dollars and forty-one cents ($165,807.41) for the health care goods and services provided to patient S.B. by Plaintiff.

14. Plaintiff has demanded payment of the unpaid balance Defendant, but Defendant has refused to pay.

15. Defendants' refusal to pay has forced Plaintiff to retain the services of D.S. Erickson & Associates, PLLC and Plaintiff will incur attorney fee expenses and costs to recover the amount due and owing.

## CLAIM I
## BREACH OF CONTRACT

16. Plaintiff incorporates each and every allegation contained in Paragraphs 1-15, inclusive, with the same force and effect as if fully set forth herein.

17. Under and through the Policy, Magellan accepted the responsibility to timely and properly pay claims received from Fairview for the health care goods and services provided to patient S.B.

18. Despite these contractual obligations, Defendant has failed to pay Fairview for the health care goods and services provided to patient S.B. from April 5, 2017 through April 24, 2017.

19. The services provided to patient S.B. by Fairview were covered under the Policy.

20. Claims for the health care goods and services provided to patient S.B. were properly and timely submitted by Fairview to Magellan for payment.

21. Defendant is in breach of contract by failing to uphold their obligations and contractual commitments to pay for the health care goods and services provided by Fairview to patient S.B under the terms of the patient S.B.'s policy as assigned to Fairview.

22. Moreover, Defendant is in direct violation of Minn. Stat. § 62Q.535.

23. As a result of Defendants' breach, Plaintiff has and will incur damages in an amount in excess of one hundred sixty-five thousand eight hundred seven dollars and forty-one cents ($165,807.41).

## CLAIM II
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

24. Plaintiff incorporates each and every allegation contained in Paragraphs 1-23, inclusive, with the same force and effect as if fully set forth herein.

25. Defendants' failure to diligently and timely monitor the claims and payment thereof, and its assertion that portions of the claims filed by Fairview are denied, constitutes a breach of Defendants' covenant of good faith and fair dealing with respect to Fairview.

## CLAIM III
## UNJUST ENRICHMENT

26. Plaintiff incorporates each and every allegation contained in Paragraphs 1-25, inclusive, with the same force and effect as if fully set forth herein.

27. Plaintiff incurred time and resource expenses in rendering health care goods and services to Defendant's insured.

28. Defendant's retention of the insurance benefits that should be paid for the services provided to its insured will result in Defendant's unjust enrichment.

29. Plaintiff is entitled to payment on the services provided to patient S.B. in the amount of one hundred sixty-five thousand eight hundred seven dollars and forty-one cents ($165,807.41).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants:

1. For an award of damages in the amount of $ one hundred sixty-five thousand eight hundred seven dollars and forty-one cents ($165,807.41), plus any and all pre and post-judgment interest pursuant to Defendants' breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment.

2. For an award of reasonable attorneys' fees and costs if applicable.

3. For such other relief as the Court deems just and equitable.

Dated: November 6, 2017                **D.S. ERICKSON & ASSOCIATES, PLLC**

By _[signature]_
Timothy J. Henkel (#0389403)
Keith A. Patton (#0398608)
920 Second Avenue South, Suite 800
Minneapolis, MN 55402
Phone:      (612) 333-7600
Facsimile:  (612) 333-7611
Email:      timothy.henkel@dserickson.com
            keith.patton@dserickson.com
ATTORNEYS FOR PLAINTIFF FAIRVIEW HEALTH SERVICES

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. 549.211 subdivision 2, to the party against whom the allegations in this pleading are asserted.

Dated: November 6, 2017

**D.S. ERICKSON & ASSOCIATES, PLLC**

By /s/ Timothy J. Henkel
Timothy J. Henkel (#0389403)
Keith A. Patton (#0398608)
920 Second Avenue South, Suite 800
Minneapolis, MN 55402
Phone:      (612) 333-7600
Facsimile:  (612) 333-7611
Email:      timothy.henkel@dserickson.com
            keith.patton@dserickson.com
ATTORNEYS FOR PLAINTIFF FAIRVIEW HEALTH SERVICES